FILED
SUPERIOR COURT

2012 MAY 17 PM 4:03

CLERK OF COURT
BY:_____

## IN THE SUPERIOR COURT OF GUAM

THOMAS KLOPPENBURG,

    Plaintiff,

    vs.

ARLEAN P. KLOPPENBURG,

    Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**DOMESTIC CASE NO. DM55-08**

**FINDINGS OF FACT AND
CONCLUSIONS OF LAW**
**(Bench Trial)**

## INTRODUCTION

This matter came before the Honorable Anita A. Sukola on January 12, 2011, March 7, 2012, and April 4, 2012, for a bench trial. Attorney Ron Moroni appeared on behalf of Thomas Kloppenburg ("Plaintiff"). Attorney Daniel S. Somerfleck appeared on behalf of Arlean Perez Kloppenburg ("Defendant"). Upon review of the evidence, oral and written arguments, and legal authorities presented by the parties, the Court hereby issues its Findings of Fact and Conclusions of Law.

## FINDINGS OF FACT

By preponderance of the evidence, the Court makes the following findings of fact:

1. Plaintiff and Defendant were married on July 8, 1994, in Reno, Nevada.

2. The parties separated in June 17, 2002.

3. Plaintiff filed a Complaint for Divorce on January 31, 2008. On March 3, 2008, Defendant filed her Answer and Counterclaim. The primary issues for trial centered on the cause of the divorce and the nature of the property whether separate, community, or a mix of separate and community property owned by the parties.

4. At the time of trial, there were no minor children of the marriage. The parties' daughter has reached the age of majority and the issues regarding her custody and support were moot.

5. The residency requirements of 19 GCA §8318 (a) are met, in that both parties were residents of Guam for at least ninety (90) days immediately preceding the filing of the Complaint.

6. Plaintiff seeks a dissolution of the marriage on the grounds of irreconcilable differences.

7. Defendant seeks a dissolution of the marriage on the following grounds: extreme cruelty, willful desertion, willful neglect, habitual intemperance, and irreconcilable differences.

8. The Parties provided no Fair Market Value ("FMV") of the real property on date of separation, or filing of the Complaint.

## CONCLUSIONS OF LAW

### I.      GROUNDS FOR DIVORCE

Plaintiff seeks a dissolution of marriage on the grounds of irreconcilable differences. Defendant counter-claims for divorce based on extreme cruelty, willful desertion, willful neglect, habitual intemperance, and irreconcilable differences. A dissolution of marriage may be granted for irreconcilable differences pursuant to 19 GCA § 8203 (g). A dissolution of

Kloppenburg v. Kloppenburg (DM55-08)
Findings of Fact and Conclusions of Law—Bench Trial

marriage may also be granted for extreme cruelty pursuant to 19 GCA § 8203 (b); willful desertion pursuant to 19 GCA § 8203 (c); willful neglect pursuant to 19 GCA § 8203 (d); and habitual intemperance pursuant to 19 GCA § 8203 (e).

"Irreconcilable differences are those grounds which are determined by the Court to be substantial reasons for not continuing the marriage and make it appear that the marriage should be dissolved." 19 GCA § 8219. "Extreme cruelty is the wrongful infliction of grievous bodily injury, or grievous mental suffering, upon the other by one party to the marriage." 19 GCA § 8205. "Willful desertion is the voluntary separation of one of the married parties from the other with the intent to desert." 19 GCA § 8206. "Willful neglect is the neglect of the husband to provide for his wife the common necessaries of life, he having the ability to do so; or it is the failure to do so by reason of idleness, profligacy, or dissipation." 19 GCA. § 8216. "Habitual intemperance is that degree of intemperance from the use of intoxicating drinks which disqualifies the person a great portion for the time from properly attending to business, or which reasonably inflict a course of great mental anguish upon the innocent party." 19 GCA § 8217.

Irreconcilable differences are a common justification for dissolution pursuant to 19 GCA § 8203 (g). Because it appears to the Court that the marriage between Plaintiff and Defendant cannot be continued, the Court grants the divorce on this ground, irreconcilable differences. Notwithstanding the Court ruling on finding the dissolution of marriage based on irreconcilable differences, the Court still addresses the counter claim grounds made by Defendant.

Defendant testified about alleged acts of cruel treatment, most of which took place in the early 1990s. Plaintiff denied all allegations of cruel treatment. As a general rule, an applicant for divorce on the ground of cruelty must establish a claim by a preponderance of the evidence. Mitchell v. Mitchell, 823 So. 2d 568 (Miss. Ct. App. 2002). Conduct which merely causes

embarrassment is insufficient to amount to mental cruelty. Matthews v. Matthews, 36 Ill.App.3d 508, 511, 344 N.E.2d 21 (1976). Cruelty is not established by mere conclusions of the witness or general statements to the effect that the defendant has mistreated the plaintiff or that they cannot live together. In re Marriage of Semmler, 90 Ill. App. 3d 649, 46 Ill. Dec. 62, 413 N.E.2d 502 (2d Dist. 1980). Something more than unkindness, rudeness, mere incompatibility, or want of affection must be shown. Sproles v. Sproles, 782 So. 2d 742 (Miss. 2001).

The Court finds that the facts of the case do not rise to render Defendant's counter claim of extreme cruelty. The additional grounds cited by Defendant were not compelling enough as reasons to grant the divorce.

## II. REAL PROPERTY

Plaintiff argues that the real property at 185 Findley Road is not community property and may not be divided by the Court. Further, Plaintiff, asserted that Defendant has not proven the existence of any other community property or the value of such property. Conversely, Defendant alleges the following to be community property:

a. Plaintiff's Time Deposit Account with Bank of Hawaii;

b. Oregon Tax Lot 38-05-26-00-000107-00;

c. Tax Lot 507 aka 185 Finley Road, Williams, Oregon consisting of a twenty (20) acre lot without mortgage together with the mobile home thereupon;

d. All that certain real property located at 145 Norton Road, Williams, Oregon consisting of twelve (12) acres in total more particularly described as contiguous Lots 1100 and 1902, Township 38, Range 5, Section 34 and mortgage thereupon;

e. All that certain real property located at 2069- Williams Highway, William, Oregon consisting of .17 acres in total more particularly described as Lot 2101, Township, 38, Range 05, Section 34;

f. The refund/credit in the approximate amount of $6,300 due from the joint 2006 Guam Income Tax return;

g. All furniture and household effects located at Plaintiff's residence;

h. All furniture and household effects located at Defendant's residence;

i. Plaintiff's shares in Kloppenburg Enterprises, Inc.;

j. Plaintiff's interest in the five acre real property located at Pago Bay, Guam

Characterization of property in a marital dissolution action is the determination by the trial court of what property owned by the parties is separate or community property. Hart v. Hart, 2008 Guam 11 ¶24. Apportionment is used "[w]hen a trial court concludes that property contains both separate and community interests." Hart, 2008 Guam 11 ¶ 38. Separate property is property acquired by either spouse before the marriage or after entry of a decree of dissolution of marriage. 19 G.C.A. § 6101 (a)(1). Community property is property acquired by either spouse during the marriage which is not separate property. 19 G.C.A. § 6101 (b). Moreover, "property acquired during marriage by either husband or wife…is presumed to be community property." Blas v. Cruz, 2009 Guam 12 ¶ 23.

The Court granting the dissolution of marriage on the ground of irreconcilable differences is to distribute community property, equally, divided between the parties. 19 GCA. § 8411 (b).

**IT IS THEREFORE ORDERED** that:

1. Upon Plaintiff's request, a divorce is granted in favor of Plaintiff based upon

irreconcilable differences.

2. Oregon Tax Lot 38-05-26-00-000107-00 to Defendant as her sole and separate property.

3. Lot 155-3-1-1, Sinajana, Guam to Defendant as her sole and separate property.

4. Plaintiff's interest as such may appear in the five acre real property located at Pago Bay, Guam and inherited from his father to Plaintiff to remain as his sole and separate property.

5. The refund/credit in the approximate amount of $6,300 due from the joint 2006 Guam Income Tax return shall be even split by the Parties.

6. Plaintiff shall waive all his rights to Defendant's Government of Guam retirement benefits.

7. All furniture and household effects located at Plaintiff's residence in Guam to Plaintiff.

8. All furniture and household effects located at Defendant's residence in Guam to Defendant.

9. Neither party is awarded spousal support

10. Defendant may return to her maiden name at her option.

**IT IS FURTHER ORDERED** that the parties submit a valuation for the following real property and proposed recommendation considering their disagreement before final distribution is decided:

a. Tax Lot 507 aka 185 Finley Road, Williams, Oregon, consisting of a twenty (20) acre lot without mortgage together with the mobile home thereupon;

b. All that certain real property located at 145 Norton Road, Williams, Oregon consisting of twelve (12) acres in total more particularly described as contiguous Lots 1100 and 1902, Township 38, range 5, Section 34; and

c. All that certain real property located at 20690 Williams Highway, Williams, Oregon consisting of .17 acres in total more particularly as Lot 2101, Township 38, Range 05, Section 34.

**SO ORDERED** this __17__ day of <u>May</u>, 2012.

A further proceedings in the above-entitled case is scheduled for _____8/7/12_____ at __9 a.m.__

_____
HONORABLE ANITA A. SUKOLA
Judge, Superior Court of Guam

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam

MAY 17 2012

Amando D. Quitorlano
Deputy Clerk, Superior Court of Guam